UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CORNELL STUBBS, #197852                                                                PETITIONER

VS.                                                          CIVIL ACTION NO. 2:20-CV-106-KS-FKB

BURL CAIN, COMMISSIONER, ET AL.                                                   RESPONDENT

REPORT AND RECOMMENDATION

Before the Court is the petition for habeas corpus relief filed by Cornell Stubbs. *See* 28 U.S.C. § 2254. Respondent has filed a Motion to Dismiss [4] pursuant to 28 U.S.C. § 2244(d), and Stubbs has filed a Response [6]. For the reasons explained below, the undersigned recommends that the Motion to Dismiss be granted.

I. FACTS AND PROCEDURAL HISTORY

After a jury trial and conviction of burglary of a non-dwelling in the Circuit Court of Forrest County, Mississippi, Stubbs was sentenced on June 3, 2015, as a habitual offender to seven years in the custody of the Mississippi Department of Corrections. [4-1] at 2; *see also* Miss. Code Ann. § 99-19-81(1972). Stubbs appealed, and on May 23, 2017, the Mississippi Court of Appeals affirmed his conviction and sentence. *See Stubbs v. State*, 220 So. 3d 1014 (Miss. Ct. App. 2017). Although the court granted him an extension of time until June 20, 2017, to file a motion for rehearing, he failed to do so, and the court's mandate issued on June 27, 2017. *See* [5-6] at 3-4. Thus, Stubbs's conviction became final on June 20, 2017, the date on which his time for seeking direct review expired. *See Dolan v. Dretke*, 168 F. App'x 10 (5th Cir. 2006); *see also Roberts v. Cockrell*, 319 F.3d 690, 694-695 (5th Cir. 2003).

While his direct appeal was pending, Stubbs pursued post-conviction relief in the state courts. On January 11, 2017, Stubbs signed his first motion for post-conviction relief in the

˘1˘

Mississippi Supreme Court, Cause No. 2017-M-00050.  *See* [5-8] at 37-42.  The Mississippi Supreme Court denied relief on July 26, 2017, [4-3] at 1, and it denied rehearing on August 28, 2017.  [4-4] at 1.

On June 10, 2019, Stubbs filed a second motion for post-conviction relief in Mississippi Supreme Court, Cause No. 2019-M-00941.  *See* [5-9] at 13.  The court denied this motion as a successive writ pursuant to Mississippi Code Annotated § 99-39-27(9).  *See* [4-5].

On April 7, 2020, Stubbs signed a third motion for post-conviction relief, which was filed in Mississippi Supreme Court, Cause No. 2017-M-00050.  *See* [5-8] at 5-10.  The court denied the motion, finding that one of his claims was barred by res judicata and that his claim of illegal sentence lacked merit.  *See* [4-6].

Stubbs's original petition alleging claims for habeas corpus relief was filed in this Court on June 8, 2020, but it appears that it was received by prison officials for mailing by June 1, 2020.  *See* [1] at 1; [1-2] at 2.[1]  After initial review, the Court ordered the State to respond to the petition.  *See* [2].  The State responded with its Motion to Dismiss [4] and the State Court Record [5], arguing that the Petition is untimely.  For reasons explained below, the undersigned recommends that the Motion to Dismiss be granted.

## II. DISCUSSION

The State asserts that Stubbs's petition is untimely under 28 U.S.C. § 2244(d). Amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), § 2244(d) reads as

---

[1] The Court observes Stubbs did not date his petition.  [1] at 15.  However, on June 1, 2020, postage was applied to the envelope containing his habeas corpus filings.  [1-2] at 2.  For pleadings submitted by prisoners acting *pro se*, the Fifth Circuit has recognized that a 'mailbox rule' applies and that the date when prison officials receive the pleading from the plaintiff for delivery to the court is considered the time of filing for limitations purposes.  *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).  Accordingly, it appears that the prison officials received his filing on June 1, 2020, the date postage was applied to the envelope containing his filings.

follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1996).

The AEDPA, enacted on April 24, 1996, imposed a one-year statute of limitations for the filing of a federal habeas petition. Thus, unless the narrow exceptions of § 2244(d)(1)(B)-(D) apply, a federal habeas petition must be filed within one year of the final judgment of the defendant's conviction, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *See Cantu-Tzin v. Johnson,* 162 F.3d 295, 299 (5th Cir. 1998), *cert. denied*, 119 S. Ct. 847 (1999). AEDPA's statute of limitations period may also be equitably tolled if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing."

*Holland v. Florida*, 560 U.S. 631, 649 (2010)(internal quotations and citations omitted); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000)(equitable tolling may apply to extend the one-year statute of limitations period, but only in rare and exceptional circumstances).

Stubbs appealed his conviction, and it became final on June 20, 2017, when he failed to file a motion for rehearing by the extended deadline granted him by the Mississippi Court of Appeals. *See Roberts*, 319 F.3d at 690. Therefore, under § 2244(d)(1), and without the benefit of tolling pursuant to § 2244(d)(2), Stubbs's habeas petition was due in this Court by June 20, 2018. But Stubbs filed his first post-conviction relief motion before the Mississippi Supreme Court on January 11, 2017, before his conviction on direct appeal became final on June 20, 2017. The Mississippi Supreme Court ultimately denied Stubbs's first post-conviction relief motion on August 28, 2017.

The State contends that Stubbs had until Tuesday, February 5, 2019, to file his habeas petition in this Court. The State arrives at the date of February 5, 2019, by adding the time period during which Stubbs's first post-conviction relief motion was pending before the Mississippi Supreme Court (January 11, 2017, to August 28, 2017)[2] to the date that is one year after Stubbs's direct appeal became final (June 20, 2018).

The undersigned questions whether Stubbs's first post-conviction relief motion was "properly filed" for purposes of tolling under § 2244(d)(2), since it was filed *before* Stubbs's conviction had become final on direct appeal. *See Larry v. Dretke*, 361 F.3d 890, 894-895 (5th Cir. 2004) (finding petitioner's state habeas application filed prior to conclusion of direct appeal

---

[2] The State calculated the number of days to be 230. The undersigned calculates the number of days to be 229. Therefore, the undersigned concludes that if Stubbs is afforded the entire time period during which his first post-conviction relief motion was pending before the Mississippi Supreme Court, Stubbs's federal habeas petition was due to be filed in this Court by Monday, February 4, 2019.

4

contrary to Texas law and, therefore, not "properly filed" for purposes of § 2244(d)(2)). But even if it was "properly filed" for § 2244(d)(2) purposes, the undersigned also wonders whether the tolling period would be limited to the time period from the date on which Stubbs's conviction became final (June 20, 2017) through the date on which the Mississippi Supreme Court ultimately decided his first post-conviction relief motion (August 28, 2017).[3] If the tolling period were limited to this time period, Stubbs's federal habeas petition would have been due to be filed by August 28, 2018.

However, since Stubbs did not file his habeas petition in this Court until June 1, 2020, it is unnecessary to resolve the issues of whether Stubbs's first post-conviction relief motion was "properly filed" for § 2244(d)(2) purposes or whether he gets the benefit of the entire period during which it was pending before the Mississippi Supreme Court. Whether the one-year limitation period under AEDPA expired on February 5, 2019, or August 28, 2018, Stubbs's habeas petition filed in this Court on June 1, 2020, was filed untimely.

Stubbs filed his other post-conviction relief motions after the AEDPA limitation period had already expired. Accordingly, those motions had no impact on the already-expired limitation period. *See Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999)(expired limitation period cannot be revived by filing state habeas petition); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000)("state habeas application did not toll the limitation period under § 2244(d)(2)

---

[3] To the undersigned, it seems that the purpose behind § 2244(d)(2) is to toll an already-running limitation period under § 2244(d)(1). But since Stubbs filed his first post-conviction relief motion *before* his conviction became final on direct appeal, the limitation period under § 2244(d)(1)(A) had not yet started to run. The undersigned, therefore, questions whether Stubbs gets the benefit of tolling under § 2244(d)(2) for the entire time period from the filing of his first post-conviction relief motion (January 11, 2017) through the date on which the Mississippi Supreme Court denied his post-conviction relief motion (August 28, 2017), or whether the tolling period should be limited to the time period from the date on which the AEDPA limitation period started to run (June 20, 2017) through the date on which the Mississippi Supreme Court denied his first post-conviction motion (August 28, 2017).

because it was not filed until *after* the period of limitation had expired").

Stubbs's petition, furthermore, does not set forth any circumstances which are so "rare and exceptional" as to warrant equitable tolling of the AEDPA statute. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)(AEDPA may be equitably tolled, albeit only in "rare and exceptional circumstances"); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)(for equitable tolling to apply, Petitioner must prove that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way). Therefore, the undersigned concludes that Stubbs has shown no reason he should be excused from meeting the AEDPA deadline, and the petition should be dismissed as untimely filed.

### III. CONCLUSION

For the reasons set forth in this Report and Recommendation, the Motion to Dismiss [4] should be granted, and this case should be dismissed.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 26th day of January, 2021.

    /s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE